IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CHARLES EDWARD SCOTT,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| V. | § | A-25-CV-01478-DAE |
| | § | |
| **DEVILL JAIL,**[1] | § | |
| **DEFENDANT.** | § | |

## ORDER

Before the Court are Plaintiff Charles Edward Scott's civil-rights complaint and motion to proceed *in forma pauperis*. The Court grants Plaintiff leave to proceed *in forma pauperis* and dismisses his complaint without prejudice.

At the time he filed his complaint, Plaintiff was no longer confined in the Travis County Correctional Complex. He appears to sue the jail and perhaps every officer who works in the jail. Plaintiff's complaint is completely illegible and undecipherable.

DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

---

[1] The Court presumes Plaintiff intended to sue the Travis County Correctional Complex in Del Valle, Texas.

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.  Section 1983

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

C.  Jail

The "Devill Jail" and the Travis County Correctional Complex are not legal entities capable of being sued. *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action).

## CONCLUSION

Plaintiff fails to state a claim against the jail. If Plaintiff wishes to pursue his claims, he must file a legible and coherent complaint and name defendants capable of being sued.

It is therefore **ORDERED** that Plaintiff is **GRANTED** leave to proceed *in forma pauperis*.

It is further **ORDERED** that his complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).

It is finally **ORDERED** that the Clerk of Court shall forward to Plaintiff a packet to file a prisoner civil-rights complaint.  If Plaintiff wishes to refile his complaint, he should do so on the forms provided.

**SIGNED** this the 18th day of September 2025.

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE